IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, and ASHLEY MOSELEY,<br><br>        Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>        Defendants. | CIVIL 16-00555 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION TO TRANSFER RELATED CASES**

On March 16, 2017, Defendants Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("Forest City" and collectively, "Defendants") filed their Motion to Transfer Related Cases ("Motion"). [Dkt. no. 51.] The Motion seeks to have eight related cases reassigned to this Court pursuant to Rule LR40.2 of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d). After careful consideration of the Motion and the relevant legal authority, Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART. The Motion is GRANTED insofar as this Court

HEREBY RECOMMENDS to Chief United States District Judge J. Michael Seabright that the cases be reassigned to this Court and to United States Magistrate Judge Kenneth J. Mansfield. The Motion is DENIED insofar as the reassignment would be limited to pretrial proceedings, and the reassigned cases would be returned to the original presiding judges for trial and near-trial proceedings.

## BACKGROUND

Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, and Ashley Moseley, for themselves and on behalf of all others similarly situated ("Plaintiffs"), filed their Complaint in state court on September 14, 2016. Defendants filed their Notice of Removal on October 13, 2016. [Dkt. no. 1.] The Complaint alleges that Plaintiffs leased housing on the Kaneohe Marine Corp Base Hawaii ("MCBH") from Defendants at different periods, but all after 2006. [Notice of Removal, Decl. of Christine A. Terada, Exh. 1 (Complaint) at ¶¶ 149-54.] Plaintiffs allege that Defendants are "engaged in the joint-enterprise of developing privatized military housing at MCBH, marketing and sales of residential leases, sales of renter's insurance policies, providing property management and maintenance services." [Id. at ¶ 157.] Plaintiffs' claims arise from Defendants' alleged failure to disclose to Plaintiffs soil contamination on MCBH and

to take the necessary steps to address the contamination.

Plaintiffs filed a Motion for Remand on November 10, 2016, and this Court denied the motion in an order filed on March 15, 2017 ("3/15/17 Order"). [Dkt. nos. 25, 49.] Defendants also filed a Motion to Dismiss on October 20, 2016. [Dkt. no. 8.] This Court held a hearing on the Motion to Dismiss on May 22, 2017, and the Motion to Dismiss is currently under advisement.

During the pendency of this case, the following cases have been removed to this district court:

-Butler, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00626 JMS-RLP;

-Dix, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00627 DKW-RLP;

-Manaea, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00628 HG-RLP;

-Ochoa, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00629 KJM;

-Bartlett, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00654 DKW-KJM;

-Torres, et al. v. Ohana Military Communities, LLC, et al.,
    CV 16-00655 RLP;

-Hayes, et al. v. Ohana Military Communities, LLC, et al.,
    CV 17-00047 JMS-RLP; and

-Pye, et al. v. Ohana Military Communities, LLC, et al.,
    CV 17-00114 HG-RLP.

The Court will refer to the instant case and these eight cases collectively as "the MCBH Cases." Ohana and Forest City are also

the defendants in each of the other MCBH Cases, and the attorneys who represent Defendants in the instant case also represent them in the other MCBH Cases.  The same counsel who represent Plaintiffs in the instant case also represent each set of plaintiffs in the other MCBH Cases.

Counsel entered into a Stipulation to Continue Pretrial Deadlines and Dates Pending Decisions in Related Case ("Stipulation").  It was approved and filed in Butler, [CV 16-00626 JMS-RLP, dkt. no. 8,] Dix, [CV 16-00627 DKW-RLP, dkt. no. 10,] Manaea, [CV 16-00628 HG-RLP, dkt. no. 11,] Ochoa, [CV 16-00629 KJM, dkt. no. 10,] and Torres, [CV 16-00655 RLP, dkt. no. 10] (collectively "the Stipulations").  The Stipulations describe Lake, Butler, Dix, Manaea, Ochoa, Bartlett, and Torres as "closely related cases" that "involve the same causes of action."  E.g., Butler, CV 16-00626 JMS-RLP, Stipulation at 2-3.[1]  The Stipulations provide that:

-a motion to remand in that case may be filed within thirty days after the "issuance of the Court's final written Order on Plaintiffs' Motion for Remand in the Lake Matter"; and

-Defendants' response to the complaint in that case must be filed within thirty days after the "issuance of the Court's final written Order on Defendants' Motion to Dismiss in the Lake Matter"; and

---

[1] Although the Stipulations identify Bartlett as being related to the other cases, there has been no version of the Stipulations filed in Bartlett.

>    -the Rule 16 scheduling conference in that case was continued until after this Court issued the written order on the Motion for Remand in Lake.

E.g., id. at 4.

Hayes and Pye had not been removed at the time counsel entered into the Stipulations, and no similar document has been filed in either of those two cases.  However, the magistrate judge in Hayes granted the parties' joint requests to delay the Rule 16 scheduling conference in light of the pending Motion to Dismiss in Lake and the instant Motion, as did the magistrate judge in Pye.  [CV 17-00047 JMS-RLP, dkt. nos. 11 (letter request), 12 (entering order granting request), 13 (joint status report); CV 17-00114 HG-RLP, dkt. nos. 9, 10, 12.]  Further, this Court has reviewed the complaints in Hayes and Pye, and FINDS that those cases are substantially similar to Lake and the other MCBH Cases.

In the instant Motion, Defendants argue that the other MCBH Cases should be reassigned to this Court and United States Magistrate Judge Kenneth J. Mansfield, pursuant to Local Rule 40.2.[2]  Defendants assert that reassignment would be the most efficient approach because, without reassignment, "numerous judges – presently over half of the Hawai`i federal bench –

---

[2] Lake is the oldest of the currently pending MCBH Cases, and Lake is the only one of the MCBH Cases in which the parties have already begun their motions practice.

5

[would have] to decide scores of individual claims based on identical complaints." [Mem. in Supp. of Motion at 2.] Defendants contend that the MCBH Cases involve the same defendants and substantially the same plaintiffs, and they address the same subject matter. Further, there are questions of law that are common to all of the MCBH Cases. In addition, reassignment would decrease the likelihood of inconsistent rulings among the cases.

## DISCUSSION

Local Rule 40.2 states, in pertinent part:

> Whenever it shall appear that civil actions or proceedings involve the same or substantially identical transactions, happenings, or events, or the same or substantially the same parties or property or subject matter, or the same or substantially identical questions of law, or for any other reason said cases could be more expeditiously handled if they were all heard by the same judge, then the chief district judge or any other district judge appointed by the chief district judge in charge of the assignment of cases may assign such cases to the same judge. Each party appearing in any such action may also request by appropriate motion that said cases be assigned or reassigned to the same judge. . . .

This district court has described the standard for reassignment under Local Rule 40.2 as a "low bar." Ilar v. Routh Crabtree Olsen, P.S., Civil No. 13-00145 SOM/RLP, 2013 WL 4455609, at *3 (D. Hawai`i Aug. 15, 2013). Further, this Court has stated:

> This Court emphasizes that reassignment pursuant to Local Rule 40.2 presents an even less rigorous standard than consolidation pursuant to

> Fed. R. Civ. P. 42(a).  See, e.g., Matubang v. City & Cnty. of Honolulu, Civil Nos. 09-00130 ACK-KSC, 2010 WL 1850184, at *18 (D. Hawai`i May 7, 2010) (noting that: trial courts have broad discretion in deciding a motion to consolidate; consolidation is typically favored; and the trial court "weighs the saving of time and effort consolidation would produce against any inconvenience, delay, or expense that it would cause" (citing Huene v. United States, 743 F.2d 703, 703 (9th Cir. 1984))).  Thus, in considering the instant Motion, this Court declines to consider whether any party has engaged in gamesmanship or judge shopping or whether potentially conflicting decisions in these cases could be beneficial to the bar and the public in general.

Bald v. Wells Fargo Bank, N.A., Civil No. 13-00135 LEK-KSC, 2013 WL 2453271, at *2 (D. Hawai`i June 5, 2013).

This Court FINDS that the MCBH Cases present all three types of cases described in Local Rule 40.2.  The MCBH Cases all involve: "the same or substantially identical transactions, happenings, or events"; "the same or substantially the same parties or property or subject matter"; and "the same or substantially identical questions of law."  Further, this Court FINDS that the MCBH Cases would be more "expeditiously handled if they were all heard by the same judge," but only during the pretrial proceedings.  The pretrial proceedings, such as discovery and dispositive motions, will primarily address the issues of law and fact that are common to all of the MCBH Cases.  However, during the trials and the near-trial proceedings (such as motions in limine), the factual issues that are unique to each

case will be more predominant than they will be in the pretrial proceedings.  This Court FINDS that having the same district judge handle the trials for each of the MCBH Cases would not be more expeditious.  The MCBH Cases should be reassigned to the original presiding judges for trial and for the near-trial proceedings.

This Court therefore CONCLUDES that: (1)the MCBH Cases are suitable for reassignment to the same district judge and magistrate judge for all pretrial proceedings; and (2) the MCBH Cases are not suitable for reassignment for trial and near-trial proceedings.  This Court GRANTS Defendants' Motion as to Defendants' request that the other MCBH Cases be reassigned to this Court and Magistrate Judge Mansfield for all pretrial proceedings, but DENIES the Motion as to the request that the reassignment be effective beyond the pretrial proceedings.[3]

## CONCLUSION

On the basis of the foregoing, Defendants' Motion to Transfer Related Cases, filed March 16, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion is GRANTED insofar as this Court HEREBY RECOMMENDS that Chief United States District

---

[3] In light of this Court's ruling, it is not necessary to address Defendants' alternate argument that the MCBH Cases all be reassigned to Senior United States District Judge Helen Gillmor, who presided over Barber, et al. v. Ohana Military Communities, LLC, et al., CV 14-00217 HG-KSC.

Judge J. Michael Seabright reassign the following cases to this Court and United States Magistrate Judge Kenneth J. Mansfield – CV 16-00626 JMS-RLP, CV 16-00627 DKW-RLP, CV 16-00628 HG-RLP, CV 16-00629 KJM, CV 16-00654 DKW-KJM, CV 16-00655 RLP, CV 17-00047 JMS-RLP, and CV 17-00114 HG-RLP.  This Court RECOMMENDS that the assignment be for pretrial proceedings only.  The Motion is DENIED in all other respects.

        IT IS SO ORDERED.

        DATED AT HONOLULU, HAWAII, June 6, 2017.



      /s/ Leslie E. Kobayashi
      Leslie E. Kobayashi
      United States District Judge

**KENNETH LAKE, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CIVIL 16-00555 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO TRANSFER RELATED CASES**