IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, and ASHLEY MOSELEY,<br><br>      Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>      Defendants. | CIVIL 16-00555 LEK-KJM |

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS'
MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART
AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**

On August 1, 2017, this Court issued the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("8/1/17 Order"). [Dkt. no. 63.] On August 15, 2017, Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, and Ashley Moseley, for themselves and on behalf of all others similarly situated ("Plaintiffs"), filed a motion for reconsideration of the 8/1/17 Order ("Motion for Reconsideration"). [Dkt. no. 64.] Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC ("Defendants") filed their memorandum in

opposition on August 29, 2017, and Plaintiffs filed their reply on September 12, 2017. [Dkt. nos. 71, 73.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e).

On September 18, 2017, this Court issued an entering order ruling on the Motion for Reconsideration ("9/18/17 EO Ruling"). [Dkt. no. 74.] The instant order supersedes the 9/18/17 EO Ruling. The Motion for Reconsideration is granted in part and denied in part, for the reasons set forth below.

## BACKGROUND

The relevant factual and procedural background of this case is set forth in the 8/1/17 Order. In the 8/1/17 Order, this Court: dismissed Count IV – Plaintiffs' unfair and deceptive trade practices ("UDAP") claim – and Count IX – Plaintiffs' unfair competition claim – with prejudice. [8/1/17 Order at 18, 25.] The Motion for Reconsideration does not contest those portions of the 8/1/17 Order.

This Court also dismissed Count X – Plaintiffs' trespass claim – with prejudice because it was duplicative of Count XI – Plaintiffs' trespass claim. [Id. at 27.] This Court dismissed Counts I, II, III, V, VI, VII, VIII, and XI ("the Remaining Claims") without prejudice because the Complaint did not include sufficient allegations regarding Plaintiffs' standing to pursue those claims. [Id. at 29.] In the Motion for

Reconsideration, Plaintiffs argue that this Court erred in: 1) dismissing Count X with prejudice; and 2) dismissing the Remaining Claims based on what Plaintiffs call "a new requirement of personal injury or personal contact with contaminated soil/dust to establish standing." [Mem. in Supp. of Motion for Reconsideration at 21.]

**STANDARD**

This Court has previously stated that a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Riley v. Nat'l Ass'n of Marine Surveyors, Inc., Civil No. 14-00135 LEK-RLP, 2014 WL 4794003, at *1 (D. Hawai`i Sept. 25, 2014). Local Rule 60.1 states, in relevant part: "Motions for reconsideration of interlocutory orders may be brought only upon the following grounds: (a) Discovery of new material facts not previously available; (b) Intervening change in law; [or] (c) Manifest error of law or fact."

3

**DISCUSSION**

I.   **Count X - Trespass**

Plaintiffs argue that "interference with a tenant's use and enjoyment of their property can establish damages under theories of nuisance **and** trespass." [Mem. in Supp. of Motion for Reconsideration at 4 (emphasis in original).] In support of this proposition, Plaintiff cites jury instructions and case law from California, as well as case law from various other states and jurisdictions. [Id. at 4-8.] However, Counts X and XI are claims under Hawai`i law, and this Court reiterates that the elements of a trespass claim and a nuisance claim that this Court discussed in the 8/1/17 Order are the elements applicable to this case. [8/1/17 Order at 25-27.] While the District of Hawai`i case that this Court quoted for the description of a nuisance claim included citations to cases from outside of Hawai`i to expand upon the Hawai`i Supreme Court's definition of a "nuisance," it does not follow that Plaintiffs may rely almost exclusively on cases from outside of Hawai`i.

This Court reiterates that, based on the definitions under Hawai`i law, trespass and nuisance are distinct claims. This Court also reiterates that Plaintiffs' trespass claim in the original Complaint was futile because the factual allegations in the Complaint were not sufficient to support a trespass claim that was distinct from their nuisance claim. It is possible,

under the Hawai`i law definitions, to have a distinct nuisance claim and trespass claim based on the same set of facts. Plaintiffs, however, did not plead such a set of factual allegations in the Complaint.

While it is highly unlikely that Plaintiffs can amend their trespass claim to state a claim that is distinct from their nuisance claim, it is arguably – i.e. theoretically – possible for them to do so. This Court therefore grants the Motion for Reconsideration as to Count X and withdraws the portion of the 8/1/17 Order dismissing Count X with prejudice. The dismissal of Count X is without prejudice to the filing of a motion seeking leave to file an amended trespass claim ("Motion for Leave"). Plaintiffs must file their Motion for Leave by **October 27, 2017**, and the motion will be referred to the magistrate judge. If Plaintiffs fail to file their Motion for Leave by **October 27, 2017**, this Court will dismiss their trespass claim with prejudice.

## II. Remaining Claims

The 8/1/17 Order stated that, in order to establish standing:

> As to every remaining claim, each Plaintiff must plead sufficient factual content to draw the reasonable inference that he or she suffered an actual injury in fact – or faces an imminent injury – that is fairly traceable to Defendants' alleged actions and omissions, and that is likely to be redressed by a judgment in his or her favor.

5

> Plaintiffs have pled some factual allegations regarding soil contamination and construction dust at [Kaneohe Marine Corp Base Hawaii] in general, but they have not pled sufficient factual allegations to allow this Court to draw the reasonable inference that each Plaintiff has suffered, or is imminently facing, an actionable injury. . . .

[8/1/17 Order at 28-29 (citations omitted).] This Court did not require that Plaintiffs allege "personal injury" or "physical injury." Accord Ass'n of Pub. Agency Customers v. Bonneville Power Admin., 733 F.3d 939, 950 (9th Cir. 2013) (stating that "'an injury in fact'" is "'an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical'" (quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992)). This Court therefore rejects Plaintiffs' argument that the 8/1/17 Order imposed a new standing requirement of personal/physical injury. Further, because the concept of "an injury in fact" is well-defined in the controlling case law, this Court rejects Plaintiffs' argument that the 8/1/17 Order did not provide them with sufficient guidance about how to cure the defects in the Remaining Claims.

Plaintiffs also argue that the requirement to allege individualized injuries in fact to support each of the Remaining Claims is contrary to Barber v. Ohana Military Communities, LLC, CV 14-00217 HG-KSC, in which the district court "held against the identical defendants that virtually identical allegations **did**

6

meet [Fed R. Civ. P.] 12(b)(6)'s standard." [Mem. in Supp. of Motion for Reconsideration at 13 (emphasis in original).] However, the decisions of other district judges in this district are not binding on this Court. See Camreta v. Greene, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case." (citation and quotation marks omitted)). This Court has agreed with and adopted the Barber analysis as to other issues. See, e.g., 8/1/17 Order at 16-17 (quoting Barber v. Ohana Military Communities, LLC, Civil No. 14-00217 HG-KSC, 2015 WL 2250041, at *7-8 (D. Hawai`i May 12, 2015) in the analysis of Plaintiffs' UDAP claim). However, this Court did not agree with the Barber analysis as to the Remaining Claims because Barber was a class action and the named plaintiffs brought their claims in a representative capacity. See Barber, 2015 WL 2250041, at *2. The fact that the instant case is not a class action is a critical distinction in the analysis of what is required to allege injury in fact. The mere fact that Plaintiffs disagree with this Court's analysis and agree with those portions of Barber analysis is not ground for reconsideration of the 8/1/17 Order. See Davis, 2014 WL 2468348, at *3 n.4. This Court therefore rejects Plaintiffs' argument that the 8/1/17 Order

7

should have followed the Barber analysis as to the Remaining Claims.

Plaintiffs have failed to establish any ground that warrants reconsideration of the 8/1/17 Order as to the Remaining Claims.[1]  The Motion for Reconsideration is therefore denied as to the Remaining Claims.

**CONCLUSION**

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of Order Granting in Part and Denying in Part Defendants' Motion to Dismiss, filed August 15, 2017, is HEREBY GRANTED IN PART AND DENIED IN PART.  The Motion for Reconsideration is GRANTED insofar as: the portion of this Court's August 1, 2017 order dismissing Plaintiffs' trespass claim with prejudice is WITHDRAWN; Plaintiffs' trespass claim is DISMISSED WITHOUT PREJUDICE; and Plaintiffs may file a motion seeking leave to file an amended trespass claim.  Plaintiffs must file the motion by **October 27, 2017**.  The Motion for Reconsideration is DENIED in all other respects.

//
//
//
//

---

[1] Any other argument regarding the Remaining Claims that Plaintiffs make in the Motion for Reconsideration, but which is not specifically addressed above, is also rejected.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, October 12, 2017.



   /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENNETH LAKE, ET AL. V. OHANA MILITARY COMMUNITIES, LLC, ET AL.; CIVIL 16-00555 LEK-KJM; ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**