```
             IN THE UNITED STATES DISTRICT COURT

                 FOR THE DISTRICT OF HAWAII

KENNETH LAKE, CRYSTAL LAKE,    )   CIVIL 16-00555 LEK-KJM
HAROLD BEAN, MELINDA BEAN,     )
KYLE PAHONA, ESTEL PAHONA,     )
TIMOTHY MOSELEY, ASHLEY        )
MOSELEY, RYAN WILSON, and      )
HEATHER WILSON                 )
                               )
          Plaintiffs,          )
                               )
     vs.                       )
                               )
OHANA MILITARY COMMUNITIES,    )
LLC, FOREST CITY RESIDENTIAL   )
MANAGEMENT, INC.; and DOE      )
DEFENDANTS 1-10,               )
                               )
          Defendants.          )
_____  )
```

## ORDER TO SHOW CAUSE

On August 1, 2017, this Court issued the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("8/1/17 Order"). [Dkt. no. 63.[1]] The 8/1/17 Order dismissed Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson's ("Plaintiffs") unfair and deceptive acts or practices claim ("UDAP" and "Count IV"), unfair methods of competition claim ("UMOC" and "Count IX"), and trespass claim

---

[1] The 8/1/17 Order is also available at 2017 WL 4563079.

("Count X") with prejudice,[2] and dismissed all of the remaining claims without prejudice.  2017 WL 4563079, at *12.

Plaintiffs filed their First Amended Complaint on September 20, 2017.  [Dkt. no. 75.]  Count IV and Count IX of the First Amended Complaint ("Amended Count IV" and "Amended Count IX") are the UDAP and UMOC claims that were previously dismissed with prejudice.  [First Amended Complaint at ¶¶ 84-94, 139-46.]  As to each of those claims, Plaintiffs acknowledge that it was dismissed with prejudice, but assert:

> Plaintiffs' restate this claim unchanged within this Amended Complaint solely for consistency of the claim numbering and to clarify that Plaintiffs intend no waiver of any potential argument for appeal by the filing of this Amended Complaint. Plaintiffs do not attempt to re-allege this claim by including it within their Amended Complaint.

[Id. at pg. 32 n.16, pg. 55 n.25.]

The Ninth Circuit has expressly held that: "For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal.  But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled."  Lacey v. Maricopa Cty., 693 F.3d 896, 928 (9th Cir.

---

[2] On reconsideration, the dismissal of Count X was changed to a dismissal without prejudice to the filing of a motion seeking leave to file a second amended complaint alleging a revised trespass claim.  [Order Granting in Part and Denying in Part Pltfs.' Motion for Reconsideration of Order Granting in Part and Denying in Party Defs.' Motion to Dismiss, filed 10/12/17 (dkt. no. 78), at 8.]

2012). Further, this principle is often applied in this district court. See, e.g., Bank of N.Y. Mellon v. Perry, CIVIL NO. 17-00297 DKW-RLP, 2017 WL 5709894, at *6 (D. Hawai`i Nov. 27, 2017) ("Defendants need not re-allege any claims dismissed with prejudice, as these claims are preserved for any future appeal." (citing Lacey)); Burke v. Countrywide Mortg. Ventures, LLC, CIVIL NO. 17-00220 DKW-RLP, 2017 WL 3392488, at *9 (D. Hawai`i Aug. 7, 2017); DeAlcantara v. Shigemura, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *3 (D. Hawai`i Nov. 2, 2016). Thus, it was not necessary for Plaintiffs to include Amended Count IV and Amended Count IX to preserve them for appeal.

To the extent Plaintiffs wanted to maintain the same count numbers as in the original Complaint, counsel could have written the headings to state "FOURTH CLAIM FOR RELIEF – RESERVED" OR "NINTH CLAIM FOR RELIEF – OMITTED." See First Amended Complaint at pgs. 32, 55. Therefore, the inclusion of those claims in the First Amended Complaint violated the 8/1/17 Order, and neither of the reasons offered to explain the violation is justified.

Plaintiffs' counsel are HEREBY ORDERED TO SHOW CAUSE why they should not be sanctioned for violating the 8/1/17 Order. Plaintiffs' counsel must file their response to this Order to Show Cause by **January 3, 2018**. Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC may

file an optional response to Plaintiffs' counsel's filing by **January 10, 2018**.  Each filing is limited to five pages.  The matter will be taken under advisement thereafter.

       IT IS SO ORDERED.

       DATED AT HONOLULU, HAWAI`I, December 20, 2017.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENNETH LAKE, ET AL. V. OHANA MILITARY CMTYS., ET AL.; CIVIL 16-00555 LEK-KJM; ORDER TO SHOW CAUSE**