IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, ASHLEY MOSELEY, RYAN WILSON, and HEATHER WILSON<br><br>　　　　Plaintiffs,<br><br>　vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.; and DOE DEFENDANTS 1-10,<br><br>　　　　Defendants. | CIVIL 16-00555 LEK-KJM |

## ORDER STRIKING PLAINTIFFS' TRESPASS CLAIM

On September 14, 2016, Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson ("Plaintiffs") filed their Complaint in state court. Defendants Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("Forest City" and collectively, "Defendants") filed their Notice of Removal on October 13, 2016. [Dkt. no. 1.] On August 1, 2017, the Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("8/1/17 Order") was issued. [Dkt. no. 63.[1]] The 8/1/17 Order dismissed Plaintiffs' unfair and deceptive acts or

---

[1] The 8/1/17 Order is also available at 2017 WL 4563079.

practices claim (Count IV), unfair methods of competition claim
(Count IX), and trespass claim (Count X) with prejudice, and
dismissed all of the remaining claims without prejudice.
Plaintiffs were ordered to file an amended complaint by
September 6, 2017. 2017 WL 4563079, at *12. The deadline was
later extended to September 20, 2017. [Dkt. no. 66.]

Plaintiffs filed a motion for reconsideration of the
8/1/17 Order ("Motion for Reconsideration"), and the motion was
granted in part and denied in part in an order filed on
October 12, 2017 ("10/12/17 Order"). [Dkt. nos. 64 (Motion for
Reconsideration), 78 (10/12/17 Order).[2]] Plaintiffs' Motion for
Reconsideration was granted insofar as the portion of the 8/1/17
Order dismissing Plaintiffs' trespass claim with prejudice was
withdrawn, and Plaintiffs were allowed to file a motion seeking
leave to file an amended trespass claim ("Motion for Leave").
Plaintiffs were given until October 27, 2017 to file their Motion
for Leave. 10/12/17 Order, 2017 WL 4560123, at *3; see also EO:
Court Order Ruling on Pltfs.' Motion for Reconsideration of Order
Granting in Part and Denying in Part Defs.' Motion to Dismiss,
filed 9/18/17 (dkt. no. 74) ("9/18/17 EO Ruling"), at 1 ("The
Motion for Reconsideration is GRANTED insofar as: Plaintiffs'
trespass claim is dismissed WITHOUT PREJUDICE; and Plaintiffs may

---

[2] The 10/12/17 Order is also available at 2017 WL 4560123.

2

file a motion seeking leave to file an amended trespass claim."
(emphases in original)).

Without filing a Motion for Leave, Plaintiffs included a trespass claim in their First Amended Complaint. [Filed 9/20/17 (dkt. no. 75), at ¶¶ 147-55.] Plaintiffs contend that it was not necessary for them to file a Motion for Leave because, according to the 9/18/17 EO Ruling: "a) the [trespass] claim was dismissed without prejudice; b) and the deadline to file the [First Amended Complaint] was open." [Opp. to Defs.' Motion to Dismiss First Amended Complaint, filed 12/13/17 (dkt. no. 79), at 4.]

Plaintiffs' inclusion of the trespass claim in the First Amended Complaint violated both the 9/18/17 EO Ruling and the 10/12/17 Order. The 9/18/17 EO Ruling stated: "The ruling on the Motion for Reconsideration **does not affect** Plaintiffs' deadline to file their amended complaint, which remains **September 20, 2017**. If the magistrate judge allows Plaintiffs to file an amended trespass claim, the magistrate judge will give Plaintiffs a deadline to file a **second amended complaint**." [9/18/17 EO Ruling at 1 (emphases in original).] The 10/12/17 Order stated: "Plaintiffs must file their Motion for Leave by **October 27, 2017** . . . . If Plaintiffs fail to file their Motion for Leave by **October 27, 2017**, this Court will dismiss their

trespass claim with prejudice." 10/12/17 Order, 2017 WL 4560123, at *2 (emphases in original).

Because of Plaintiffs' violation of the 9/18/17 EO Ruling and the 10/12/17 Order, this Court has the discretion to dismiss Plaintiffs' trespass claim with prejudice. See Yourish v. Cal. Amplifier, 191 F.3d 983, 988 (9th Cir. 1999) (holding that the plaintiff's failure to comply with a minute order setting forth the deadline to file the amended complaint gave the district court the discretion to dismiss the case under Fed. R. Civ. P. 41(b)).[3] Before doing so, however, this Court must weigh the five dismissal factors set forth in Dreith v. Nu Image, Inc., 648 F.3d 779, 788 (9th Cir. 2011).[4] See, e.g., Webb v. U.S. Soc. Sec. Admin., CIVIL 16-00233 LEK-RLP, 2017 WL 380906, at *1 (D. Hawai`i Jan. 25, 2017). The public interest in the expeditious resolution of this litigation and this Court's interest in

---

[3] Fed. R. Civ. P. 41(b) states, in pertinent part: "If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."

[4] The Ninth Circuit has

> identified five factors that a district court must consider before dismissing a case . . . : (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the other party; (4) the public policy favoring the disposition of cases on their merits; and (5) the availability of less drastic sanctions.

Dreith, 648 F.3d at 788 (citations and quotation marks omitted).

4

managing the docket outweigh the policy favoring disposition of cases on the merits.  In addition, Defendants will not be prejudiced by the dismissal of Plaintiffs' trespass claim.  However, the fact that there is a less drastic alternative available weighs strongly against dismissal with prejudice.

Although it is a close question, dismissal with prejudice is not appropriate at this time.  Instead, Count X of Plaintiffs' First Amended Complaint, *i.e.* Plaintiffs' trespass claim, is HEREBY STRICKEN.  The 10/12/17 Order dismissing Count X of Plaintiff's original Complaint without prejudice still stands.  Plaintiffs may file a motion seeking leave to file a second amended complaint to include their trespass claim.  However, because the deadline to add parties and amend pleadings expired on October 13, 2017, [Rule 16 Scheduling Order, 4/14/17 (dkt. no. 56), at ¶ 5,] Plaintiffs' motion must meet the standards of both Fed. R. Civ. P. 15(a)(2) and 16(b)(4).  In particular, Plaintiffs would have to establish good cause for their failure to file a Motion for Leave by the October 27, 2017 deadline in the 10/12/17 Order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, December 20, 2017.



                                 /s/ Leslie E. Kobayashi
                                 Leslie E. Kobayashi
                                 United States District Judge

**KENNETH LAKE, ET AL. V. OHANA MILITARY CMTYS., ET AL.; CIVIL 16-00555 LEK-KJM; ORDER STRIKING PLAINTIFFS' TRESPASS CLAIM**