**SMITH | LAW**
P. KYLE SMITH                                 9533
970 N. Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
Telephone No.: (808) 791-9555
kyle@smithhawaii.law

**REVERE & ASSOCIATES, LLLC**
TERRANCE M. REVERE                            5857
970 N. Kalaheo, Suite A301
Kailua, Hawaii 96734
Telephone No.: (808) 791-9550
Facsimile No.: (808) 791-9551
terry@revereandassociates.com

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson, | Civ. No.  1:16-CV-00555 LEK-KJM |
| Plaintiffs, | **OPPOSITION TO ORDER TO SHOW CAUSE [ECF 80]; CERTIFICATE OF COMPLIANCE; AND CERTIFICATE OF SERVICE** |
| vs. | |
| Ohana Military Communities, LLC, Forest City Residential Management, Inc., and DOE Defendants 1-10, | No Trial Date Set |
| | Hon. Leslie Kobayashi |
| Defendants. | |

## I. DISCUSSION

On December 20, 2017, this Court issued an Order to Show Cause ("OSC") [ECF 80] why Plaintiffs should not be sanctioned for filing their First Amended Complaint ("FAC") [ECF 75], which re-states their dismissed Claim IV (Unfair and Deceptive Trade Practices) and Claim IV (Unfair Competition). As the OSC recognizes, Plaintiffs' FAC states these claims "solely for consistency of the claim numbering and to clarify that Plaintiffs intend no waiver of any potential argument for appeal."[1] Further, the FAC confirms that Plaintiffs do not attempt to actually re-allege these claims by including them in the FAC.[2] Nevertheless, the Court's OSC takes issue with Plaintiffs' restatement of the dismissed claims to suggest that Plaintiffs have violated the Court's Dismissal Order [ECF 63].

Neither the Court's order nor any case cited by the Court's OSC, however, supports sanctions. To begin, nowhere in the Court's Order dismissing Plaintiffs' first complaint does the Court forbid Plaintiffs from preserving consistent claim numbering by including dismissed claims. Such consistent numbering assists the parties, the Court, and any later review by an appellate court. While the Court's order is correct that Plaintiffs "could have written 'Fourth Claim or Relief – Reserved' or 'Ninth Claim for Relief – Omitted,'" nothing in the Court's dismissal order prohibited the form of

---

[1] First Amended Complaint [ECF 75] at ¶32 n16, ¶55, n25.

[2] *Id.*

Plaintiffs' FAC. Stated differently, simply because Plaintiffs *could* have done the FAC

differently does not justify sanctions absent some intentional effort by Plaintiffs to

violate the Court's order, which did not occur here.

Second, *none* of the cases cited by the Court supports sanctions. Instead, as the

OSC admits, the unpublished case of *Bank of N.Y. Mellon v. Perry*, CIVIL NO. 17-00297

DKW-RLP, 2017 WL 5709894, at *6 (D. Hawai`i Nov. 27, 2017) states only that

"Defendants need not re-allege any claims dismissed with prejudice, as these claims are

preserved for any future appeal." Likewise, the Ninth Circuit's decision in *Lacey v.*

*Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012), which *Bank of N.Y. Mellon* cites for

support, states only that re-pleading dismissed claims is unnecessary to preserve a

dismissed claim for appeal. Neither *Bank of N.Y. Mellon* nor *Lacey* suggest in any way,

however, that restating dismissed claims to preserve consistent claim numbering is

improper or forbidden.

The unpublished cases of *Burke v. Countrywide Mortg. Ventures*, LLC, CIVIL NO.

17-00220 DKW-RLP, 2017 WL 3392488, at *9 (D. Hawai`i Aug. 7, 2017), and

*DeAlcantara v. Shigemura*, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *3 (D.

Hawai`i Nov. 2, 2016), which also cite *Lacey*, similarly stand solely for the proposition

that dismissed claims need not be re-pled in subsequent pleadings to preserve them for

appeal. Again, while these cases recognize it is not *necessary* to re-state dismissed claims

for the purpose of appeal, *Lacey, Burke, Bank of N.Y. Mellon,* and *DeAlcantara* do <u>not</u>

prohibit including dismissed claims within an amended complaint to preserve claim

numbering for the ease of the parties and Court. Importantly, nothing in any of these cases suggest that re-stating dismissed claims rises to a sanctionable offense.

*DeAlcantara* and *Burke* also differ from this case in the important respect that Judge Michael Seabright in *DeAlcantara* and Judge Derrick Watson in *Burke* specifically instructed the plaintiffs that the dismissed claims "need not be reasserted in an Amended Complaint."[3] By comparison, the Court's dismissal order here did <u>not</u> state the Court's personal preference nor provide any indication that it would react with sanctions for re-stating dismissed claims to preserve claim numbering. While Plaintiffs are now aware of the Court's preference and are happy to submit future amendments differently, Plaintiffs had no warning that the Court would regard the FAC as improper or react with hostility to the FAC. Finally, it should be noted that Plaintiffs are aware of no case, authority, or rule of practice at any level that forbids restating dismissed claims in an amended complaint.

## II. CONCLUSION

Accordingly, because the Court's order did not restrict Plaintiffs' FAC and none of the cases cited by the Court's OSC support an award of sanctions, Plaintiffs

---

[3] *DeAlcantara v. Shigemura*, Civ. No. 16-00586 JMS-KSC, 2016 WL 6518618, at *3 (D. Hawai`i Nov. 2, 2016) ("[T]hese claims should not be reasserted in an Amended Complaint."); *Burke v. Countrywide Mortg. Ventures*, LLC, CIVIL NO. 17-00220 DKW-RLP, 2017 WL 3392488, at *9 (D. Hawai`i Aug. 7, 2017)("Plaintiffs need not reallege their Section 1635(b) and Section 1641(g) claims.").

respectfully request this Court to withdraw its OSC to avoid an otherwise arbitrary and capricious result.

DATED:  Kailua, Hawai'i, this 3rd day of January, 2018.


KYLE SMITH
TERRANCE REVERE
*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson,<br><br>Plaintiffs,<br><br>vs.<br><br>Ohana Military Communities, LLC, Forest City Residential Management, Inc., and DOE Defendants 1-10,<br><br>Defendants | Civ. No.  1:16-CV-00555 LEK-KJM<br><br>**CERTIFICATE OF SERVICE** |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **PLAINTIFFS' OPPOSITION TO ORDER TO SHOW CAUSE;** was served upon the parties listed below by CM/ECF:

COX FRICKE
Joachim P. Cox        jcox@cfhawaii.com
Randall Whattoff     rwhattoff@cfhawaii.com
Kamala S. Haake      khaake@cfhawaii.com

GOODSILL ANDERSON QUINN & STIFEL
Lisa Munger          lmunger@goodsill.com
Christine Terada     cterada@goodsill.com

DATED:  Kailua, Hawaii, this 3rd day of January 2018.

P. KYLE SMITH