SMITH | LAW
P. KYLE SMITH                                    9533
970 N. Kalaheo Avenue, Suite A301
Kailua, Hawaii 96734
Telephone No.: (808) 791-9555
kyle@smithhawaii.law

REVERE & ASSOCIATES, LLLC
TERRANCE M. REVERE                               5857
970 N. Kalaheo, Suite A301
Kailua, Hawaii 96734
Telephone No.: (808) 791-9550
Facsimile No.: (808) 791-9551
terry@revereandassociates.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF HAWAII**

| | |
|---|---|
| Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson, <br><br> Plaintiffs, <br><br> vs. <br><br> Ohana Military Communities, LLC, Forest City Residential Management, Inc., and DOE Defendants 1-10, <br><br> Defendants. | Civ. No. 1:16-CV-00555 LEK-KJM <br><br> **PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT** <br><br> **JUDGE LESLIE E. KOBAYASHI** <br><br> No Trial Date Set |

# PLAINTIFFS' MOTION FOR LEAVE TO AMEND THE FIRST AMENDED COMPLAINT

Plaintiffs Kenneth Lake, et al. ("MCBH Residents") by and through their attorneys of record, Kyle Smith of Smith Law and Terrance Revere of Revere and Associates, request leave to amend their First Amended Complaint under Federal Rule of Civil Procedure 15(a)(2) to include an amended claim for trespass.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Over the course of the pre-trial motions on this matter, confusion arose regarding Plaintiffs' deadline to file their amended trespass claim. The crux of the issue is that Plaintiffs mistakenly believed that the deadline to file an amended complaint applied equally to *all* claims which had been dismissed without prejudice. As a result, Plaintiffs prematurely included an amended trespass claim in their First Amended Complaint ("FAC") filed September 22, 2017. This turned out to be in error, which Plaintiffs now endeavor to rectify.

### II.  PROCEDURAL HISTORY

The parties attended a Rule 16 Scheduling Conference on April 14, 2017. The trial date was originally set for May 2018, and the deadline to add parties and amend pleadings was set for October 13, 2017.[1]

---

[1] Rule 16 Scheduling Order [ECF 56] at 2.

On August 1, 2017, the District Court issued its Order Granting In Part And Denying In Part Defendants' Motion To Dismiss [ECF 63]. In relevant part, the Court dismissed Plaintiffs' trespass claim ("Count X") with prejudice. Eight remaining claims were also dismissed without prejudice.[2] Importantly, the Court set a deadline of September 6, 2017, for Plaintiffs to re-plead the claims dismissed without prejudice and file an amended complaint.[3]

Plaintiffs filed their motion for reconsideration of the August 1st order of dismissal on August 15, 2017 [ECF 64]. The Court indicated that it would take the matter under advisement.[4] Because of the number of related cases, and to consolidate the related pleadings, the parties thereafter agreed the May 2018 trial date was not workable and on August 24, 2017, stipulated to take all trial and pre-trial deadlines off calendar.[5] On August 24, 2017, Plaintiffs also requested an extension of the deadline to file the amended complaint pending the outcome of their motion for reconsideration because any ruling on the motion for reconsideration would

---

[2] Order Granting in Part and Denying in Part Defendants Motion to Dismiss [ECF 63] at 6.

[3] *Id*.

[4] EO [ECF 65].

[5] Stipulation Addressing Trial Deadlines and Deadline to File Amended Complaint and Order [ECF 70] at 5.

necessarily impact the content of any amended complaint.[6] The Court agreed and set a new deadline of September 20, 2017 for Plaintiffs to file their amended complaint.[7]

On September 18, 2017, the Court issued its minute order granting Plaintiffs' motion for reconsideration in that Plaintiffs' trespass claim would instead be dismissed *without* prejudice like the first eight claims.[8]

This is where the confusion began. Plaintiffs mistakenly believed that the trespass claim, now dismissed *without prejudice*, could be treated the same as all other claims which had already been dismissed without prejudice from the same complaint. Stated differently, Plaintiffs believed the original September 20, 2017, deadline to submit an amended complaint applied to *all* the claims dismissed without prejudice. As a result, Plaintiffs filed their First Amended Complaint ("FAC") [ECF 75] by the September 20th deadline and included an amended trespass claim therein.

On October 12, 2017, three weeks after Plaintiffs filed their amended trespass claim as part of their FAC by the original deadline,[9] the Court issued its written order granting in part and denying in part Plaintiffs motion for reconsideration stating that Plaintiffs must file a motion for leave to file an amended trespass claim by October

---

[6] Letter to Hon. Judge Kobayashi Regarding Deadline to File Amended Complaint [ECF 67].

[7] EO [ECF 66].

[8] EO: Court Order Ruling On Plaintiffs' Motion For Reconsideration Of Order Granting In Part And Denying In Part Defendants' Motion To Dismiss [ECF 74].

[9] *See* First Amended Complaint [ECF 75].

27, 2017.[10] The Court offered no explanation as to why trespass, alone of the claims dismissed without prejudice, should not be re-pled in the FAC. Again, because Plaintiffs had already filed their amended trespass claim in the FAC in accordance with the deadline set out in the August 24, 2017 EO,[11] Plaintiffs mistakenly believed they had already complied with this order.

On December 20, 2017, however, the Court issued its Order Striking Plaintiffs' Trespass Claim [ECF 81]. The Court pointed out that the it had previously directed Plaintiffs to file a motion seeking leave to file a *second* amended complaint regarding the trespass claim rather than plead it in the FAC with the other claims dismissed without prejudice.[12] Adding to the confusion, the Court then applied the April 14, 2017, Rule 16 Scheduling Order pre-trial dates (which had been removed from calendar in August)[13] to determine the deadline to amend the pleadings.[14] The Court reasoned that because Plaintiffs did not request leave to amend the trespass claim by the original October 13, 2017 deadline to amend pleadings as set by the

---

[10] *Lake v. Ohana Military Communities, LLC.,* 2017 WL 4560123 *2 (Dist. Haw. 2017).

[11] EO [ECF 66].

[12] Order Striking Plaintiffs' Trespass Claim [ECF 81] at 3. *See also* EO: Court Ruling On Plaintiffs' Motion For Reconsideration Of Order Granting In Part And Denying In Part Defendants' Motion To Dismiss [ECF 74] at 1.

[13] Stipulation Addressing Trial Dates and Deadline to File Amended Complaint and Order [ECF 70].

[14] Order Striking Plaintiffs' Trespass Claim [ECF 81] at 5.

now defunct April 14, 2017 Rule 16 Scheduling Order, Plaintiffs must meet the good cause requirement of Federal Rules of Civil Procedure Rule 16(b)(4) as well as Rule 15(a)(2) to be granted leave to amend the pleadings.[15]

### III. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 15(a)(2) provides that leave to amend should be freely given "when justice so requires."[16] "The denial of a motion to amend is reviewed for abuse of discretion."[17] "In exercising its discretion a court must be guided by the underlying purpose of Rule 15 – *to facilitate decision on the merits rather than on the pleadings or technicalities*." [18] "A simple denial of leave to amend without any explanation by the district court is subject to reversal."[19]

The Ninth Circuit has stated that "rule 15's policy of favoring amendments to pleading should be applied with extreme liberality."[20] In *Foman v. Davis,* 371 U.S. 178 (1962) the U.S. Supreme Court outlined the following factors to consider in deciding whether to grant leave to amend: (1) undue delay; (2) bad faith; (3) repeated failure to cure deficiencies by amendments previously allowed; (4) futility of

---

[15] *Id.*

[16] FED. R. CIV. P. 15(a)(2)

[17] *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 186 (9th Cir. 1987).

[18] *Id.* (*internal* citations omitted)(emphasis added).

[19] *Eminence Capital LLC. v. Aspeon,* 316 F.3d 1048, 1052 (9th Cir. 2003).

[20] *Leighton,* at 186 (internal citations omitted).

amendment and (5) undue prejudice to the opposing party.[21] However, not all factors merit equal consideration. Prejudice is the most important factor and is given the most weight.[22] Additionally, "[u]ndue delay by itself, however, is insufficient to justifying denying a motion to amend."[23] A "contemporaneous specific finding of prejudice to the opposing party, bad faith by the moving party, or futility of the amendment" is also required.[24] Thus, "[a]bsent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption under Rule 15(a) in favor of granting leave to amend.*"[25]

## IV.   ARGUMENT

### A. Plaintiffs' Motion Does Not Prejudice Defendant's Ability to Defend Themselves.

No prejudice exists here. The new factual allegations within the amended trespass claim serve only to clarify Defendants' conduct and the resultant harm to Plaintiffs thus providing Defendants with additional notice of claims against them. Additionally, discovery is still open. Indeed, at this point no depositions nor request for interrogatories or production of documents have occurred. The parties jointly

---

[21] *Foman v. Davis,* 371 U.S. 178, 182 (1962).

[22] *Aspeon,* at 1052.

[23] *Bowles v. Reade,* 198 F.3d 752, 758 (9th Cir. 1999).

[24] *Id.*

[25] *Id. See also Talwar v. Creative Labs, Inc.,* No CV 05-3375, 2007 WL 1723609 (C.D. Cal. June 14, 2006) (emphasis added).

submitted a stipulation to move the pre-trial deadlines off calendar on August 24, 2017, to allow for the time necessary to resolve the ongoing pleadings issues.[26] At present, no scheduling order exists setting any trial or pre-trial deadlines. Thus, Plaintiffs' motion is timely and in no way prejudices Defendants' ability to defend themselves in this litigation.

### a. None of the remaining *Foman factors are implicated.*

None of the remaining *Foman* factors are implicated here. The amended trespass claim is not sought in bad faith but simply to cure alleged defects as directed by the Court. The amended trespass claim is not futile because the factual allegations and legal claims are supported by evidence. Finally, there has been no undue delay in filing an amendment previously permitted by the Court. If anything, the opposite occurred in that Plaintiffs believed the deadline to file amendments for *all* the claims dismissed without prejudice was September 20, 2017. As a result, Plaintiffs prematurely included the amended trespass claim in the September 20th FAC.

### B. Rule 16(b)(4)'s Good Cause Standard Does Not Apply Because No Pre-Trial Deadlines are Currently on Calendar.

Where there is a pretrial scheduling order with an established deadline to amend the pleadings which has expired, Federal Rule Civil Procedure Rule 16(b)(4)

---

[26] Stipulation Addressing Trial Dates and Deadline to File Amended Complaint and Order [ECF 70].

requires the movant to show good cause for not having amended the pleadings by the specified date.[27] Where Rule 16(b)(4) is implicated, "[t]he standard primarily considers the diligence of the party seeking the amendment."[28]

Here, Plaintiffs have *not* exceeded any pre-trial scheduling deadlines because no pre-trial deadlines exist. Indeed, the original Rule 16 Scheduling Order, and its associated trial and pre-trial deadlines, was stipulated off calendar on August 24, 2017,[29] long before the Court issued any deadlines for Plaintiffs to file the amended trespass claim.

Further, even assuming *arguendo* that the original Rule 16 Scheduling Order deadlines did apply, Plaintiffs showed diligence in immediately attempting to file the amended trespass claim by including it in the FAC on September 20, 2017, and now bringing this motion to demand before any pre-trial deadlines are even calendared. Indeed, in this case their fault has been over-diligence rather than a lack of diligence.

## V.  CONCLUSION

Leave to amend is appropriate in this case under Ninth Circuit precedent and Rule 15 of the Federal Rules of Civil Procedure. Plaintiffs therefore respectfully

---

[27] FED. R. CIV. PRO. 16(b)(4).

[28] *Coleman v. Quaker Oats Co.,* 232 F.3d 1271, 1295 (9th Cir. 2000).

[29] Stipulation Addressing Trial Deadlines and Deadline to File Amended Complaint and Order [ECF 70] at 5.

request leave to amend to re-file their claim for trespass as alleged within their First Amended Complaint following this Court's order addressing Defendants' motion to dismiss the second amended complaint.[30]

Dated: Honolulu, Hawai`i, this 28th day of February 2018.

                                                    P. Kyle Smith
                                                    Terrance M. Revere
                                                    *Attorneys for Plaintiffs*

---

[30] *See* First Amended Complaint [ECF 75] at 57, ¶¶147-155. Note that Plaintiffs do not attach a proposed Second Amended Complaint because no decision has yet been issued on Defendants' motion to dismiss Plaintiffs' First Amended Complaint.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson<br><br>Plaintiffs,<br><br>vs.<br><br>Ohana Military Communities, LLC, Forest City Residential Management, Inc., and DOE Defendants 1-10,<br><br>Defendants. | Civ. No. 1:16-CV-00555 LEK-KJM<br><br><br>**CERTIFICATE OF SERVICE**<br><br><br>JUDGE LESLIE E. KOBAYASHI<br><br>No Trial Date Set |

I hereby certify that, on the dates and by the method of service below, a true and correct copy of the foregoing Plaintiffs' Motion For Leave To Amend The First Amended Complaint was served on the following by CM/ECF:

    COX FRICKE
    Joachim P. Cox    jcox@cfhawaii.com
    Randall Whattoff    rwhattoff@cfhawaii.com
    Kamala S. Haake    khaake@cfhawaii.com

    GOODSILL ANDERSON QUINN & STIFEL
    Lisa Munger    lmunger@goodsill.com

DATED this 28th day of February 2018.

                                      */s/ Kyle Smith*
                                      SMITH|LAW
                                      P. KYLE SMITH, ESQ.
                                      Hawaii Bar No. 9533
                                      970 N. Kalaheo, Ste. A301
                                      Kailua, Hawaii 96734