UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, ASHLEY MOSELEY, RYAN WILSON, and HEATHER WILSON,<br><br>　　　　　Plaintiffs,<br><br>　vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC.,  DOE DEFENDANTS 1-10,<br><br>　　　　　Defendants. | CIV. NO. 16-00555 LEK |

**ORDER TO SHOW CAUSE**

On March 22, 2019, Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson ("Plaintiffs") filed their Motion for Class Certification ("Motion"). [Dkt. no. 127.] The Motion is currently scheduled for hearing on **May 17, 2019, at 9:45 a.m.**

The Court HEREBY ORDERS Plaintiffs to show cause why the Motion should not be denied because Plaintiff's operative pleading, the First Amended Complaint, [filed 9/20/17 (dkt. no. 75),] did not provide either Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC

("Defendants") or this Court with notice that Plaintiffs intended to pursue the instant case as a class action. Even if this Court construed the Motion as a motion for leave to amend the First Amended Complaint,[1] the Motion does not address the applicable standards governing the amendment of a complaint. See, e.g., Gilliam v. Glassett, CIVIL NO. 18-00317 SOM/RLP, 2019 WL 475008, at *1 (D. Hawai`i Feb. 6, 2019) ("In determining whether to allow amendment of a complaint, courts consider factors such as: whether the amendment will cause undue delay; whether the movant has demonstrated bad faith or a dilatory motive; whether the amendment will unduly prejudice the opposing party; whether amendment is futile; and whether the movant has repeatedly failed to cure deficiencies." (citing Foman v. Davis, 371 U.S. 178, 182 (1962))). In particular, Plaintiffs must address whether allowing them to amend the First Amended Complaint to add class allegations would unduly delay this case and whether Plaintiffs' failure to propose a class action until seven months before trial demonstrates "bad faith or dilatory motive." See id.

Plaintiffs are ORDERED to file their response to this Order to Show Cause by **April 12, 2019**. Plaintiffs' response

---

[1] Plaintiffs filed the Motion on the deadline to file motions to add parties and amend pleadings. See Amended Rule 16 Scheduling Order, filed 9/13/18 (dkt. no. 106), at ¶ 5.

2

shall not exceed seven pages and must comply with the requirements of Local Rule 10.2.  Plaintiffs are CAUTIONED that, if their response fails to address the issues identified in this Order to Show Cause, the Motion will be summarily denied.

Unless this Court orders otherwise, the hearing on the Motion will proceed as scheduled on **May 17, 2019, at 9:45 a.m.** Defendants' memorandum in opposition will remain due by **April 26, 2019**.  The memorandum in opposition must address both Plaintiffs' Motion and Plaintiffs' response to this Order to Show Cause.  Unless this Court orders otherwise, Plaintiffs' optional reply in support of the Motion will remain due by **May 3, 2019**.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, April 2, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENNETH LAKE, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CV 16-00555 LEK-KJM; ORDER TO SHOW CAUSE**