UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, ASHLEY MOSELEY, RYAN WILSON, and HEATHER WILSON,<br><br>Plaintiffs,<br><br>vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC., DOE DEFENDANTS 1-10,<br><br>Defendants. | CIV. NO. 16-00555 LEK |

### ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION

On March 22, 2019, Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, Ashley Moseley, Ryan Wilson, and Heather Wilson ("Plaintiffs") filed their Motion for Class Certification ("Motion").[1] [Dkt. no. 127.] On April 2, 2019, the Court issued an Order to Show Cause ("OSC"), requiring Plaintiffs to file a response showing why the Motion should not be summarily denied. [Dkt. no. 131.] Plaintiffs filed their

---

[1] After the filing of the Motion, the parties stipulated to the dismissal with prejudice of all claims by Plaintiff Estel Pahona. [Stipulation for Partial Dismissal, filed 4/24/19 (dkt. no. 139).]

response to the OSC ("OSC Response") on April 12, 2019. [Dkt. no. 134.] The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). On April 16, 2019, this Court issued an entering order informing the parties of its ruling on the Motion. [Dkt. no. 135.] The instant Order supersedes that entering order. Plaintiffs' Motion is hereby denied for the reasons set forth below.

**BACKGROUND**

Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, and Ashley Moseley filed their Complaint in state court on September 14, 2016. [Notice of Removal, filed 10/13/16 (dkt. no. 1), Decl. of Christine A. Terada, Exh. 1.] Ryan Wilson and Heather Wilson were added as plaintiffs when the First Amended Complaint was filed on September 20, 2017. [Dkt. no. 75.] The First Amended Complaint remains the operative pleading.

Plaintiffs are current or former residents of housing at Kaneohe Marine Corps Base Hawaii ("MCBH"). The crux of Plaintiffs' claims is that the soil in some of the residential neighborhoods at MCBH is contaminated, and Defendants Ohana Military Communities, LLC ("Ohana") and Forest City Residential Management, LLC ("Forest City" and collectively, "Defendants")

2

failed to: 1) perform adequate remediation measures; and 2) disclose the contamination to Plaintiffs. Plaintiffs allege they were all exposed to the contaminated soil because the soil in their respective MCBH neighborhoods was contaminated and/or they routinely visited, and traveled through, neighborhoods with contaminated soil.

The First Amended Complaint alleges the following claims: breach of contract against Ohana ("Count I"); breach of the implied warranty of habitability against Ohana ("Count II"); a Haw. Rev. Stat. Chapter 521 claim against Defendants ("Count III"); an unfair and deceptive acts or practices ("UDAP") claim against Defendants ("Count IV"); a negligent failure to warn claim against Defendants ("Count V"); a negligent infliction of emotional distress claim and an intentional infliction of emotional distress claim against Defendants ("Count VI"); a fraud claim against Defendants ("Count VII"); a negligent misrepresentation claim against Defendants ("Count VIII"); an unfair methods of competition ("UMOC") claim against Defendants ("Count IX"); a trespass claim against Defendants ("Count X"); and a nuisance claim against Defendants ("Count XI"). Counts IV and IX were stricken because this Court previously dismissed Plaintiffs' UDAP and UMOC claims with prejudice. [Order Granting in Part and Denying in Part Defs.' Motion to Dismiss and/or Strike Pltfs.' First Amended

3

Complaint [Dkt 75], filed 5/31/18 (dkt. no. 98) ("5/31/18 Order"), at 6.[2]] Count X was stricken because Plaintiffs failed to seek leave to amend that claim. 5/31/18 Order, 2018 WL 2449188, at *3 (citing dkt. no. 81). The portion of Count III based on Haw. Rev. Stat. § 521-42(a)(1) was dismissed with prejudice, id. at *7, as were Harold Bean and Melinda Bean's and Timothy Moseley and Ashley Moseley's claims in Count XI, id. at *10. All other claims in the First Amended Complaint remain. See id.

Plaintiffs do not dispute that the First Amended Complaint does not plead this case as a class action, nor does it contain class allegations. In spite of the lack of class allegations, the instant Motion asks this Court to certify the following damages class, pursuant to Fed. R. Civ. P. 23(b)(3): "All persons who leased or resided in residential properties leased from Ohana Military Communities, LLC, at Marine Corps Base Hawaii ('MCBH') in Kaneohe, Oahu, Hawaii, between 2006 to present." [Motion at iii.]

## STANDARD

To the extent that Plaintiffs propose to convert this case into a class action, they seek to expand the scope of the case to assert the claims of, and to seek relief on behalf of,

---

[2] The 5/31/18 Order is also available at 2018 WL 2449188.

4

persons who are not identified as plaintiffs in the First Amended Complaint. Thus, as to the proposed class members, the First Amended Complaint is not "a short and plain statement of the claim showing that the pleader is entitled to relief," nor does it include "a demand for the relief sought." See Fed. R. Civ. P. 8(a)(1)-(2). The Motion is therefore construed as a motion for leave to file a second amended complaint,[3] which would plead the case as a class action.

The following standards apply to a motion for leave to file an amended complaint:

> Rule 15(a) of the Federal Rules of Civil Procedure states that leave to amend a complaint should be freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). In determining whether to allow amendment of a complaint, courts consider factors such as: whether the amendment will cause undue delay; whether the movant has demonstrated bad faith or a dilatory motive; whether the amendment will unduly prejudice the opposing party; whether amendment is futile; and whether the movant has repeatedly failed to cure deficiencies. See Foman v. Davis, 371 U.S. 178, 182 (1962). . . .

Gilliam v. Glassett, CIVIL NO. 18-00317 SOM/RLP, 2019 WL 475008, at *1 (D. Hawai`i Feb. 6, 2019).

---

[3] Plaintiffs filed the Motion on the deadline for the filing of motions to add parties and amend pleadings. See Amended Rule 16 Scheduling Order ("Scheduling Order"), filed 9/13/18 (dkt. no. 106), at ¶ 5.

5

**DISCUSSION**

Plaintiffs had notice that they had to satisfy the standards summarized in <u>Gilliam</u>. [OSC at 2.] Plaintiffs' OSC Response, however, does not meet the applicable standards.

First, converting the instant case into a class action would result in undue delay. The trial in this case is set to begin on October 21, 2019, and Plaintiffs filed the instant Motion only seven months before the trial date. <u>See</u> Scheduling Order at ¶ 1. Thus, the other relevant deadlines have already passed or are too imminent to accommodate a class action. <u>See, e.g.</u>, <u>id.</u> at ¶ 7 (stating the dispositive motions deadline was 5/22/19),[4] ¶ 11 (stating Plaintiffs' expert witness disclosure deadline was 4/22/19 and Defendants' was 5/22/19), ¶ 12 (stating the discovery deadline is 8/23/19). Converting the instant case into a class action would require a substantial continuance of the trial date and would require the reopening of case deadlines that have passed, such as the dispositive motions deadline and the expert disclosure deadlines.

Further, this case has been pending for two-and-a-half years, and Plaintiffs and their counsel were aware from the

---

[4] Defendants filed three motions for summary judgment on May 22, 2019. [Dkt. nos. 145, 147, 150.] Two of the motions are scheduled for hearing on July 19, 2019, and the other is scheduled for hearing on September 6, 2019.

outset of the arguable basis for class treatment of the claims.
This Court has already noted that Barber v. Ohana Military
Communities, LLC, et al., CV 14-00217 HG-KSC, was a putative
class action brought by other MCBH residents alleging claims
against Ohana and Forest City that were similar to Plaintiffs'
claims in the instant case. See, e.g., Order Granting in Part
and Denying in Part Defs.' Motion to Dismiss, filed 8/1/17 (dkt.
no. 63) ("8/1/17 Order"), at 7 & n.4.[5]  Barber settled before
there was a final ruling on the issue of class certification.
[Barber, Minutes, filed 1/5/16 (dkt. no. 265), at 1 (noting the
parties' settlement on the record and the termination of both
the magistrate judge's findings and recommendation to deny the
plaintiffs' motion for class certification and their objection
to the findings and recommendation).]  Plaintiffs' counsel in
the instant case were among the counsel who represented the
plaintiffs in Barber.  In fact, Plaintiffs have asserted that,
after the Barber settlement, their counsel sent a notice to
potential members of the proposed class in Barber to inform them
about the settlement and how their rights may be affected.
[Order Denying Defs.' Motion to Disqualify Counsel and/or for
Sanctions and Denying Pltfs.' Motion for Remand, filed 3/15/17
(dkt. no. 49), at 21.]  However, although Plaintiffs and their

---

[5] The 8/1/17 Order is also available at 2017 WL 4563079.

7

counsel were aware of the potential for class claims, Plaintiffs filed two versions of the complaint in this case and failed to include class allegations. This suggests a dilatory motive in the instant Motion. The delayed attempt to raise the class issues that Plaintiffs and their counsel have long been aware of is also akin to a plaintiff who repeatedly fails to cure known deficiencies in his pleading. Thus, the relevant Foman factors warrant a ruling that Plaintiffs are not entitled to file a second amended complaint, even under the liberal Rule 15(a) standard.

Finally, this Court rejects Plaintiffs' contention that the filing of a second amended complaint is not necessary. Plaintiffs argue this Court has already "created a *de facto* class action" by staying and administratively closing the subsequently filed cases that are related to the instant case ("Related Cases"). See OSC Response at 3; see also, e.g., Butler, et al. v. Ohana Military Communities, LLC, et al., CV 16-00626 LEK-KJM, EO: Court Order Administratively Closing Case, filed 10/2/18 (dkt. no. 26) (staying Butler and administratively closing it, pending the conclusion of Lake).[6] Plaintiffs'

---

[6] The other Related Cases are: Dix, et al. v. Ohana Military Communities, LLC, et al., CV 16-00627 LEK-KJM; Manaea, et al. v. Ohana Military Communities, LLC, et al., CV 16-00628 LEK-KJM; Ochoa, et al. v. Ohana Military Communities, LLC, et al., CV 16-00629 LEK-KJM; Bartlett, et al. v. Ohana Military Communities,
(. . . continued)

8

argument is both mistaken and unsupported by any legal authority.  The stay of the Related Cases did not place the claims of previously unidentified persons before this Court.  The stay merely recognizes that, after certain common issues are resolved in the instant case, they will not need to be re-litigated to resolve the claims of the plaintiffs in the Related Cases.  Further, the statement by Plaintiffs' counsel during a September 4, 2018 status conference that Plaintiffs wanted to revisit pursuing the instant case as a class action, [OSC Response at 3 n.6 (citing the Minutes of the status conference),] is irrelevant because Plaintiffs did not seek leave to file their second amended complaint until March 22, 2019, and Plaintiffs never submitted a proposed second amended complaint.  See Local Rule LR10.3 ("Any party filing or moving to file an amended complaint . . . shall reproduce the entire pleading as amended and may not incorporate any part of a prior pleading by reference, except with leave of court.").

Plaintiffs' Motion, even when read together with their OSC Response, does not present any circumstances that warrant

---

LLC, et al., CV 16-00654 LEK-KJM; Torres, et al. v. Ohana Military Communities, LLC, et al., CV 16-00655 LEK-KJM; Hayes, et al. v. Ohana Military Communities, LLC, et al., CV 17-00047 LEK-KJM; and Pye, et al. v. Ohana Military Communities, LLC, et al., CV 17-00114 LEK-KJM.  None of the Related Cases is a class action.

9

the granting of leave to file a second amended complaint which would: 1) convert the instant case into a class action; and 2) add class allegations. Because Plaintiffs are denied leave to file a second amended complaint, it is not necessary to address whether Plaintiffs' proposed class can be certified.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Class Certification, filed March 22, 2019, which is CONSTRUED as a motion for leave to file a second amended complaint, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, May 31, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENNETH LAKE, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CV 16-00555 LEK-KJM; ORDER DENYING PLAINTIFFS' MOTION FOR CLASS CERTIFICATION**