UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| KENNETH LAKE, CRYSTAL LAKE, HAROLD BEAN, MELINDA BEAN, KYLE PAHONA, ESTEL PAHONA, TIMOTHY MOSELEY, ASHLEY MOSELEY, RYAN WILSON, and HEATHER WILSON,<br><br>    Plaintiffs,<br><br>  vs.<br><br>OHANA MILITARY COMMUNITIES, LLC, FOREST CITY RESIDENTIAL MANAGEMENT, INC., DOE DEFENDANTS 1-10,<br><br>    Defendants. | CIV. NO. 16-00555 LEK |

**ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING PLAINTIFFS' UNFAIR COMPETITION CLAIM**

On August 1, 2017, this Court issued its Order Granting in Part and Denying in Part Defendants' Motion to Dismiss ("8/1/17 Order"). [Dkt. no. 63.[1]] On April 29, 2019, Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Timothy Moseley, and Ashley Moseley ("Plaintiffs") filed their Motion for Reconsideration of Order

---

[1] The 8/1/17 Order is also available at 2017 WL 4563079. On August 15, 2017, Plaintiffs filed a motion for reconsideration of the 8/1/17 Order, on other grounds, and that motion was denied in an order issued on October 12, 2017 ("10/12/17 Order"). [Dkt. nos. 64, 78.] The 10/12/17 Order is also available at 2017 WL 4560123.

Dismissing Plaintiffs' Unfair Competition Claim ("Motion for Reconsideration"). [Dkt. no. 141.] Defendants Ohana Military Communities, LLC and Forest City Residential Management, LLC ("Defendants") filed their memorandum in opposition on May 14, 2019, and Plaintiffs filed their reply on May 28, 2019. [Dkt. nos. 144, 154.] The Court has considered the Motion for Reconsideration as a non-hearing matter pursuant to Rule LR7.2(e) of the Local Rules of Practice for the United States District Court for the District of Hawaii ("Local Rules"). Plaintiffs' Motion for Reconsideration is hereby denied for the reasons set forth below.

**BACKGROUND**

Plaintiffs are current or former residents of rental housing at Kaneohe Marine Corp Base Hawaii ("MCBH"). The crux of Plaintiffs' claims is that the soil in some of the residential neighborhoods at MCBH is contaminated, and Defendants failed to perform adequate remediation measures and failed to disclose the contamination to MCBH residents. Plaintiffs allege they were each exposed to the contaminated soil: 1) because the soil in their respective neighborhoods was contaminated and/or they routinely visited and traveled through neighborhoods with contaminated soil; and 2) as a result of dust and dirt created from demolition and construction on MCBH.

The operative pleading is the First Amended Complaint, which was filed on September 20, 2017. [Dkt. no. 75.] At issue in the instant Motion for Reconsideration is Plaintiffs' unfair methods of competition ("UMOC") claim, pursuant to Haw. Rev. Stat. § 480-2(a),[2] against both Defendants. The 8/1/17 Order addressed the UMOC claim in Plaintiffs' original Complaint, which was filed in state court on September 14, 2016.[3] [Notice of Removal, filed 10/13/16 (dkt. no. 1), Decl. of Christine A. Terada, Exh. 1.] Plaintiffs' UMOC claim was dismissed, with prejudice, because it was "based upon the payment of increased rent and other expenses, which is insufficient to plead an injury to property for a UMOC claim."[4]  8/1/17 Order, 2017 WL

---

[2] Section 480-2(a) states: "Unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are unlawful." Pursuant to Haw. Rev. Stat. § 480-13(a), "any person who is injured in the person's business or property" may bring a UMOC claim.

[3] Plaintiffs Kenneth Lake, Crystal Lake, Harold Bean, Melinda Bean, Kyle Pahona, Estel Pahona, Timothy Moseley, and Ashley Moseley filed the original Complaint. Ryan Wilson and Heather Wilson were added as plaintiffs in the First Amended Complaint. Estel Pahona's claims were dismissed, with prejudice, by stipulation on April 24, 2019. [Dkt. no. 139.]

[4] The 8/1/17 Order focused on Plaintiffs' alleged injury to property because "[t]he Complaint [wa]s devoid of any assertions of injury to any business." 8/1/17 Order, 2017 WL 4563079, at *8; see also Trans. of 5/22/17 hrg. on motion to dismiss, filed 8/30/17 (dkt. no. 72), at 30-31 (Plaintiffs' counsel confirmed that there was no alleged injury to business and that the loss of money associated with Plaintiffs' leases was the alleged injury to property.).

4563079, at *10.  Plaintiffs now argue this Court made a manifest error of law in dismissing Plaintiffs' UMOC claim because "the payment of money wrongfully induced constitutes harm to 'business or property.'"  [Motion for Reconsideration at 2.]

## STANDARD

Plaintiffs bring their Motion for Reconsideration pursuant to Fed. R. Civ. P. 60(b)(1) and Local Rule 60.1(c). [Motion for Reconsideration at 2.]  Rule 60(b) states: "On motion and just terms, the court may relieve a party or its legal representative from a **final** judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect."  (Emphasis added.)  Plaintiffs bring the instant motion under the wrong rule.  Rule 60(b)(1) is inapplicable because the 8/1/17 Order is not a final order.[5]

---

[5] Even if Rule 60(b)(1) was applicable to interlocutory orders, the Motion for Reconsideration is untimely because Plaintiffs failed to file the motion within a year after the 8/1/17 Order was issued.  See Rule 60(c)(1) ("A motion under Rule 60(b) must be made within a reasonable time – and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding.").  Further, the Motion for Reconsideration does not challenge any "inadvertence, surprise, or excusable neglect" in the 8/1/17 Order.  To the extent the Motion for Reconsideration alleges there was a mistake in the 8/1/17 Order, the alleged mistake is reviewable under Local Rule 60.1(c).

4

Local Rule 60.1 states: "Motions for reconsideration of **interlocutory** orders may be brought only upon the following grounds . . . (c) Manifest error of law or fact." (Emphasis added.) This Court has previously stated a motion for reconsideration

> "must accomplish two goals. First, a motion for reconsideration must demonstrate reasons why the court should reconsider its prior decision. Second, a motion for reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." See Davis v. Abercrombie, Civil No. 11-00144 LEK-BMK, 2014 WL 2468348, at *2 (D. Hawaii June 2, 2014) (citation and internal quotation marks omitted). . . . "Mere disagreement with a previous order is an insufficient basis for reconsideration." Davis, 2014 WL 2468348, at *3 n.4 (citations and internal quotation marks omitted).

Heu v. Waldorf=Astoria Mgmt. LLC, CIVIL 17-00365 LEK-RLP, 2018 WL 2011905, at *1 (D. Hawai`i Apr. 30, 2018) (alteration in Heu) (some citations omitted).

**DISCUSSION**

I.  **Timeliness**

Plaintiffs' Motion for Reconsideration is not based on any intervening legal authority. See Local Rule LR60.1(b).[6]

---

[6] Local Rule 60.1(a), regarding motions for reconsideration based on "[d]iscovery of new material facts not previously available," is inapplicable here because the 8/1/17 Order ruled on a motion to dismiss, and the factual allegations of Plaintiffs' original Complaint were assumed to be true. See, e.g., 2017 WL 4563079, at *6. Further, Plaintiffs have not
(. . . continued)

5

Local Rule 60.1 states a motion for reconsideration alleging manifest errors of law or fact "must be filed and served not more than fourteen (14) days after the court's written order is filed." Plaintiffs filed the Motion for Reconsideration almost **twenty-one months** after the 8/1/17 Order was issued. In fact, although the 8/1/17 Order dismissed Plaintiffs' UMOC claim with prejudice, Plaintiffs still insisted on including a UMOC claim in the First Amended Complaint, and the claim was stricken. [Order Granting in Part and Denying in Part Defs.' Motion to Dismiss and/or Strike Pltfs.' First Amended Complaint [Dkt 75], filed 5/31/18 (dkt. no. 98) ("5/31/18 Order"), at 6.[7]] Plaintiffs filed their Motion for Reconsideration almost eleven months after the filing of the 5/31/18 Order.

The fourteen-day filing deadline for Local Rule 60.1(c) motions comes as no surprise to Plaintiffs, as evidenced by their August 15, 2017 motion seeking reconsideration of the 8/1/17 Order on other grounds. As well as being a waste of time, the instant Motion for Reconsideration is clearly untimely and can be denied on that basis alone. However, for the sake of

---

alleged that, in light of newly available evidence, their factual allegations in support of their UMOC claim would have been different.

[7] The 5/31/18 Order is also available at 2018 WL 2449188.

6

completeness, the merits of the Motion for Reconsideration will be addressed.

## II. Merits

In the 8/1/17 Order, this Court rejected Plaintiffs' argument that they suffered an injury to their property because they were required to pay more for their rental homes than they would have paid if Defendants had disclosed the soil contamination at MCBH. This Court ruled that "the payment of money does not constitute an injury to property in a UMOC claim" because "money" and "property" are distinguishable under Haw. Rev. Stat. Chapter 480. 8/1/17 Order, 2017 WL 4563079, at *10.

In the Motion for Reconsideration, Plaintiffs argue Hawai`i case law and federal case law interpreting similar statutes support their position that the loss of money constitutes an injury to property. They are wrong. First, Plaintiffs' Hawai`i law argument relies on Davis v. Four Seasons Hotel Ltd., 122 Hawai`i 423, 228 P.3d 303 (2010), and the 8/1/17 Order addressed Davis and its progeny. Plaintiffs' interpretation of Hawai`i case law has already been directly considered and rejected, and Plaintiffs' mere disagreement with or failure to comprehend this Court's analysis is not a ground for reconsideration of the 8/1/17 Order. See Davis v. Abercrombie, 2014 WL 2468348, at *3 n.4.

Section 480-2(b) states: "In construing this section, the courts . . . shall give due consideration to the rules, regulations, and decisions of the Federal Trade Commission and the federal courts interpreting section 5(a)(1) of the Federal Trade Commission Act (15 U.S.C. 45(a)(1)), as from time to time amended." In addition, Chapter 480 must "be construed in accordance with judicial interpretations of similar federal antitrust statutes, except that lawsuits by indirect purchasers may be brought as provided in this chapter." Haw. Rev. Stat. § 480-3. This Court has stated:

> 15 U.S.C. § 15 is the damages provision for violations of both the Sherman Act and the Clayton Act.[8] Section 15(a) states, in pertinent part:
>
>> **any person who shall be injured in his business or property by reason of anything forbidden in the antitrust laws** may sue therefor in any district court of the United States in the district in which the defendant resides or is found or has an agent, without respect to the amount in controversy, and shall recover threefold the damages by him sustained, and the cost of suit, including a reasonable attorney's fee.

Green v. Kanazawa, CIVIL 16-00055 LEK-KSC, 2017 WL 10647711, at *15 (D. Hawai`i Nov. 30, 2017) (emphasis in Green), *clarified on denial of reconsideration*, 2018 WL 1278185 (Mar. 12, 2018). 15

---

[8] Plaintiffs' Motion for Reconsideration relies upon Reiter v. Sonotone Corp., 442 U.S. 330 (1979), which discusses the Sherman Act and the Clayton Act.

8

U.S.C. Chapter 1, of which § 15 is a part, does not have a provision distinguishing between money and property.  Further, neither 15 U.S.C. § 45 nor 15 U.S.C. Chapter 2, of which § 45 is a part, distinguishes between money and property.  Thus, case law interpreting 15 U.S.C. Chapter 1 and case law interpreting 15 U.S.C. Chapter 2 are not instructive as to the issue of whether "money" is considered "property" for purposes of Haw. Rev. Stat. Chapter 480.  The 8/1/17 Order does not contain a discussion of federal statutes and case law because both do not apply to the analysis of whether Plaintiffs' UMOC claim was cognizable under Hawai`i law.

Apart from the fact that Plaintiffs' Motion for Reconsideration is untimely, the motion fails because Plaintiffs have engaged in a time-wasting and frivolous exercise, and have utterly failed to identify any manifest legal error in the portion of the 8/1/17 Order dismissing Plaintiffs' UMOC claim with prejudice.  Plaintiffs therefore are not entitled to reconsideration of the 8/1/17 Order.

## CONCLUSION

On the basis of the foregoing, Plaintiffs' Motion for Reconsideration of Order Dismissing Plaintiffs' Unfair Competition Claim, filed April 29, 2019, is HEREBY DENIED.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAI`I, June 13, 2019.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

**KENNETH LAKE, ET AL. VS. OHANA MILITARY COMMUNITIES, LLC, ET AL; CV 16-00555 LEK-KJM; ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION OF ORDER DISMISSING PLAINTIFFS' UNFAIR COMPETITION CLAIM**